IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANDY SERRELL CARTER, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 19-cv-753-SMY |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Andy Serrell Carter, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at Federal Correctional Institute Greenville ("FCI Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his designation and sentence as a career offender in *United States v. Carter*, Case No. 04-CR-50032 (N.D. Ill.) ("Criminal Case"). (Doc. 1). Petitioner asserts that his prior conviction in Illinois for reckless discharge of a firearm no longer qualifies as a crime of violence for purposes of U.S.S.G. §4B1.1. He relies on the Supreme Court's decision in *Mathis v. United States*, -- U.S.. --, 136 S.Ct. 2243 (2016). Petitioner seeks a new sentence.

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## Background

In 2005, Petitioner pleaded guilty to armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (Count 1) and use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) (Count 2). (Docs. 21 and 23, Criminal Case). In his Plea Agreement, Petitioner acknowledged that he was subject to a maximum penalty of 25 years imprisonment under 18 U.S.C. § 2113(d) because an assault had occurred during the robbery. (Doc. 21, pp. 2, 9, Criminal Case). He disputed whether he was subject to a mandatory minimum sentence of 7 years in connection with the use of a firearm because he disputed whether the firearm was brandished at the bank teller. 18 U.S.C. § 924(c)(1)(A)(ii); (*Id*. at p. 7, Criminal Case). Petitioner argued he did not brandish the gun and was, instead, subject to the 5-year mandatory minimum consecutive sentence. 18 U.S.C. § 924(c)(1)(A)(i); (*Id.*, Criminal Case). He was sentenced as a career offender (*see* U.S.S.G. §4B1.1) to 288 months, receiving 204 months on Count 1 and 84 months on Count 2. The sentencing court found that Petitioner qualified as a career offender based on two prior convictions, one for reckless discharge of a firearm and one for unlawful restraint and child endangerment, which were considered crimes of violence. (Doc. 21, p. 6, Criminal Case). Petitioner challenges only the conviction for reckless discharge of a firearm in this Petition. (Doc. 1, p. 2 n.1).

Petitioner's Plea Agreement contained a waiver of his right to appeal or file a § 2255 petition. (Doc. 21, p. 11). He did not appeal his conviction. Petitioner did file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 to challenge is career offender status following the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551

(2015) *See United States v. Carter*, Case No. 17-C-50076 (N.D. Ill. filed March 9, 2017) (§2255 Petition). Petitioner's § 2255 Petition was dismissed because the motion was untimely and because Petitioner had entered into a written plea agreement which waived his right to contest his sentence under § 2255. (Doc. 7, § 2255 Petition). The District Court also determined that his claim was foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). (*Id.*).

## Discussion

Petitioner relies on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016) to again challenge his designation and sentence as a career offender. He contends that *Mathis*, with the support of *Begay v. United States*, 553 U.S. 137 (2008), makes his prior conviction for reckless discharge of a firearm no longer qualify as a crime of violence for purposes of the Sentencing Guidelines. (Doc. 1, pp. 4, 12-14). He seeks resentencing without the career offender enhancement. (*Id.* at p. 15).

Under limited circumstances, a prisoner may challenge his federal conviction or sentence pursuant to 28 U.S.C. § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Following *Davenport*, a petitioner must satisfy three conditions in order to trigger the savings clause: (1) he must demonstrate that he relies on a new statutory interpretation case and not a constitutional case; (2) he must demonstrate that he relies on a decision that he could not have invoked in his first

3

§ 2255 motion and that case must apply retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Some errors can be raised on direct appeal, but not in a collateral attack pursuant to Sections 2255 or 2241. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. As the Seventh Circuit has noted, "[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for Section 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum." *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014); *see also Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). More recently, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017).

Petitioner acknowledges that he was sentenced on May 20, 2005, after the decision in *Booker*.[1] He received a sentence that was within the statutory maximum range of twenty-five years (300 months).[2] (*See* Doc. 21, p. 9, Criminal Case). Although Petitioner argues that *Begay* and *Mathis* "reveal" that his prior conviction does not qualify as a predicate offense, he cannot

---

[1] The Booker opinion was issued on January 12, 2005.
[2] Petitioner received a term of 204 months on Count 1. He received a term of 84 months, the mandatory minimum for Count 2 use of a firearm during a crime of violence. (Doc. 23, Criminal Case). At the sentencing, Petitioner disputed whether he was subject to the 7-year mandatory minimum for brandishing a firearm pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) as opposed to the 5-year mandatory minimum for the use of the firearm pursuant to 18 U.S.C. § 924(c)(1)(A)(i). His was sentenced to a total term of 288 months. (*Id.*).

4

demonstrate a miscarriage of justice so as to permit a § 2241 petition. There is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised by Petitioner; the use of a prior conviction that would allegedly no longer qualify as a predicate for a Guidelines enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit, and thus the Petition must be dismissed.

## Disposition

For these reasons, the Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P.

5

4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal. It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: 10/1/2019**

*/s/ Staci M. Yandle*
**United States District Judge**